# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AMAZON.COM SERVICES LLC, a Delaware Corporation; and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SCOTT BROCK, an Individual,

| FOR COURT USE ONLY |
|---|
| *(SOLO PARA USO DE LA CORTE)* |
| **ELECTRONICALLY FILED** |
| 3/17/2023 |
| Kern County Superior Court |
| By Vanessa Castro, Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: Superior Court of California, County of Kern, Metro Justice Building, 1215 Truxtun Ave., Bakersfield, California 93301
*(El nombre y dirección de la corte es):*

**CASE NUMBER:** *(Número del Caso):* BCV-23-100776

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Ronald L. Zambrano, 1147 South Hope Street, Los Angeles, California 90015, (213) 927-3700

DATE: 3/17/2023          TAMARAH HARBER-PICKENS          Clerk, by _____, Deputy
*(Fecha)*                                                *(Secretario)*                   *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* **AMAZON.COM SERVICES LLC, a Delaware Corporation**

   under: ☒ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Neama Rahmani (State Bar No. 223819)
  efilings@westcoasttriallawyers.com
Ronald L. Zambrano (State Bar No. 255613)
  ron@westcoasttriallawyers.com
Crystal F. Mohsin (State Bar No. 333299)
  crystal@westcoasttriallawyers.com
WEST COAST EMPLOYMENT LAWYERS, APLC
1147 South Hope Street
Los Angeles, California 90015
Telephone: (213) 927-3700
Facsimile: (213) 927-3701

Attorneys for Plaintiff,
SCOTT BROCK

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF KERN

| | |
|---|---|
| SCOTT BROCK, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES LLC, a Delaware Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1) VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT ("CFRA") (GOV. CODE § 12945.2); AND<br><br>2) RETALIATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT.<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, SCOTT BROCK, (hereinafter referred to as, "Plaintiff" or "BROCK"), an individual, in his complaint against Defendant, AMAZON SERVICES LLC, (hereinafter referred to as, "Defendant" or "AMAZON") respectfully alleges, avers, and complains, as follows:

//

//

# INTRODUCTION

1. This is an action brought by the Plaintiff BROCK, pursuant to California statutory, decision, and regulatory laws. Plaintiff was an employee of Defendant AMAZON at all times herein mentioned.

2. Plaintiff alleges that California statutory, decisional, and regulatory laws prohibit the conduct by Defendant herein alleged, and therefore Plaintiff has an entitlement to monetary relief on the basis that Defendant violated such statutes, decisional law, and regulations.

# JURISDICTION AND VENUE

3. Jurisdiction is proper in this court by virtue of the California statutes, decisional law, and regulations, and the local rules under the Kern County Superior Court Rules.

4. Venue in this Court is proper in that Defendant AMAZON has a principal business address located in the City of Bakersfield, County of Kern, State of California.

# PARTIES

5. Plaintiff BROCK is, and at all relevant times mentioned herein was, an individual residing in the County of Kern, within the state of California.

6. Defendant AMAZON is, and all times herein mentioned has been, a Delaware Corporation registered with the State of California, with the capacity to sue and to be sued, and doing business with a principal place of business located at 1601 Petrol Road, Bakersfield, California, 93308.

7. Plaintiff is informed and believes and thereon alleges that each of the Defendants herein were at all times the agent, employee, or representative of each remaining Defendant and were at all times

herein acting within and outside the scope and purpose of said agency and employment. Plaintiff further alleges that as to each Defendant, whether named, or referred to as a fictitious name, said Defendants supervised, ratified, controlled, acquiesced in, adopted, directed, substantially participated in, and/or approved the acts, errors, or omissions, of each remaining Defendant.

8. The true names and capacities of the Defendants named herein as Does 1 through 10, inclusive, whether individual, corporate, partnership, association, or otherwise, are unknown to Plaintiff who therefore sues these Defendants by such fictitious names. Plaintiff will request leave of court to amend this Complaint to allege their true names and capacities at such time as they are ascertained.

## **FACTUAL ALLEGATIONS**

9. In or around November of 2021, Plaintiff became employed by Defendant as a Picker.

10. On or about January 21, 2023, Plaintiff's mother passed away.

11. On or about January 22, 2023, Plaintiff requested the days of January 25 through January 28 off to cope with his mother's passing. Plaintiff used Defendant's application, "AtoZ," to request the four (4) days off.

12. On or about January 27, 2023, Plaintiff's father passed away.

13. Therefore, on or around January 29, 2023, Plaintiff made a Bereavement request for the proceeding three (3) days to cope with the now passing of both of his parents.

14. On or about February 1, 2023, Defendant's Human Resources ("HR") Department requested an obituary from Plaintiff in order to approve Plaintiff's request for time off.

//

15. Plaintiff subsequently sent an obituary account of both of his parents to the HR Department.

16. On or around February 2, 2023, the HR Department emailed Plaintiff and informed him that his bereavement was denied, then Defendant subsequently terminated Plaintiff's employment.

17. Despite Plaintiff's long contribution and hard work to Defendant, and despite Plaintiff losing both of his parents within the time span of six days, Defendant refused to give Plaintiff leave and instead terminated him in retaliatory function for his request for leave.

18. Prior to filing this Complaint, Plaintiff fulfilled any legal requirement or exhausted any administrative remedy imposed on him by having filed the substance of claims alleged herein with the California Civil Rights Department and obtained a Right to Sue letter dated March 2, 2023. As such, Plaintiff has substantially complied with all requirements for filing of this Complaint and has timely exhausted his administrative remedies.

**FIRST CAUSE OF ACTION**

**CFRA Violation**

**(Plaintiff Against All Defendants)**

19. Plaintiff incorporates all paragraphs above as though fully set forth herein.

20. Defendant is a business entity regularly employing at least the minimum number of employees upon which certain legal duties and obligations arise under various laws and statutes, including the California Family Rights Act ("CFRA"). At all times herein mentioned in this complaint, Government Code § 12945.2 was in full force and effect and was binding on Defendant and Defendant was subject to its terms.

//
//

21. Subsection (I) of Gov. Code § 12945.2 specifically prohibits an employer from retaliating against an employee who exercises his or her rights under the CFRA.

22. Plaintiff exercised his right under the CFRA by making a bereavement request for time off of work upon the death of two (2) of his family members. Assembly Bill 1949 provides eligible employees with five (5) days of bereavement leave in addition to the twelve (12) weeks of leave permitted under Government Code § 12945.2.

23. Plaintiff was an "eligible employee" under the CFRA, as he was an employee with more than 12 months of service with the employer, and who has at least 1,250 hours of service with the employer during the previous 12-month period before taking a leave. (Cal. Gov. Code § 12945.2).

24. Plaintiff timely filed a complaint of discrimination with the California Civil Rights Department alleging inter alia violations of Government Code § 12945.2, and all other applicable provisions, fully exhausting Plaintiff's administrative remedies, and has been issued a Right to Sue Letter, conferring jurisdiction on this court over these claims.

25. In or around November of 2021, Plaintiff became employed by Defendant as a Picker.

26. On or about January 21, 2023, Plaintiff's mother passed away.

27. On or about January 22, 2023, Plaintiff requested the days of January 25 through January 28 off to cope with his mother's passing. Plaintiff used Defendant's application, "AtoZ," to request the four (4) days off.

28. On or about January 27, 2023, Plaintiff's father passed away.

//

//

29. Therefore, on or around January 29, 2023, Plaintiff made a Bereavement request for the proceeding three (3) days to cope with the passing of both of his parents.

30. On or about February 1, 2023, Defendant's Human Resources ("HR") Department requested an obituary from Plaintiff in order to approve Plaintiff's request for time off.

31. Plaintiff subsequently sent an obituary account of both of his parents to the HR Department.

32. On or around February 2, 2023, the HR Department emailed Plaintiff and informed him that his bereavement was denied, then Defendant subsequently terminated Plaintiff's employment.

33. Despite Plaintiff's long contribution and hard work to Defendant, and despite Plaintiff losing both of his parents within the time span of six days, Defendant refused to give Plaintiff leave and instead terminated him in retaliatory function for his request for leave.

34. As a direct and legal result of Defendant's conduct, and each of them, Plaintiff has suffered and continues to suffer general, consequential, and special damages, including but not limited to substantial losses in earnings, other employment benefits, physical injuries, physical sickness as well as emotional distress, plus medical expenses, future medical expenses, and attorneys' fees, all to his damage in the amount according to proof.

35. Said actions justify the imposition of punitive damages in that Defendant committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amount to malice, and in conscious disregard of Plaintiff's rights. Based upon the foregoing, Plaintiff is entitled to punitive damages from Defendants, and each of them, in an amount according to proof.

//

//

## SECOND CAUSE OF ACTION

### FEHA Retaliation

### (Plaintiff Against All Defendants)

36. Plaintiff incorporates all paragraphs above as though fully set forth herein.

37. At all times herein mentioned in this complaint, Government Code § 12940(a) was in full force and effect and binding on Defendant and Defendant was subject to its terms. Defendant wrongfully terminated Plaintiff due to his bereavement request for time off to grieve the loss of both of his parents.

38. At all times herein mentioned Plaintiff was fully qualified and competent to perform the duties of his position with a reasonable request for time off.

39. In or around November of 2021, Plaintiff became employed by Defendant as a Picker.

40. On or about January 21, 2023, Plaintiff's mother passed away.

41. On or about January 22, 2023, Plaintiff requested the days of January 25 through January 28 off to cope with his mother's passing. Plaintiff used Defendant's application, "AtoZ," to request the four (4) days off.

42. On or about January 27, 2023, Plaintiff's father passed away.

43. Therefore, on or around January 29, 2023, Plaintiff made a Bereavement request for the proceeding three (3) days to cope with the passing of both of his parents.

//
//

7

COMPLAINT AND DEMAND FOR JURY TRIAL

44. On or about February 1, 2023, Defendant's Human Resources ("HR") Department requested an obituary from Plaintiff in order to approve Plaintiff's request for time off.

45. Plaintiff subsequently sent an obituary account of both of his parents to the HR Department.

46. On or around February 2, 2023, the HR Department emailed Plaintiff and informed him that his bereavement was denied, then Defendant subsequently terminated Plaintiff's employment.

47. Despite Plaintiff's long contribution and hard work to Defendant, and despite Plaintiff losing both of his parents within the time span of six days, Defendant refused to give Plaintiff leave and instead terminated him in retaliatory function for his request for leave.

48. As a direct and legal result of Defendant's conduct, and each of them, Plaintiff has suffered and continues to suffer general, consequential, and special damages, including but not limited to substantial losses in earnings, other employment benefits, physical injuries, physical sickness as well as emotional distress, plus medical expenses, future medical expenses, and attorneys' fees, all to his damage in the amount according to proof.

49. Said actions justify the imposition of punitive damages in that Defendant committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amount to malice, and in conscious disregard of Plaintiff's rights. Based upon the foregoing, Plaintiff is entitled to punitive damages from Defendants, and each of them, in an amount according to proof.

**PRAYER**

1. For damages according to proof, including back pay, front pay, interest, deferred compensation, and other employment benefits;

2. For general damages, including but not limited to emotional distress, according to proof;

3. For other special damages according to proof, including but not limited to reasonable medical expenses;

4. For punitive damages;

5. For prejudgment interest on lost wages and benefits;

6. For costs incurred by Plaintiff, including reasonable attorneys' fees and costs of suit, in obtaining the benefits due to Plaintiff and for violations of Plaintiff's civil rights through the Fair Employment & Housing Act and the Government Code, as set forth above; and

7. For such other relief as the court deems just and proper.

Dated: March 14, 2023                              WEST COAST EMPLOYMENT LAWYERS, APLC

By: _____
Ronald L. Zambrano, Esq.
Crystal F. Mohsin, Esq.
Attorneys for Plaintiff,
SCOTT BROCK

//
//
//
//
//
//

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury.

Dated: March 14, 2023                    WEST COAST EMPLOYMENT LAWYERS, APLC


By: _____
Ronald L. Zambrano, Esq.
Crystal F. Mohsin, Esq.
Attorneys for Plaintiff,
SCOTT BROCK