UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT BROCK,<br><br>         Plaintiff,<br><br>    v.<br><br>AMAZON.COM SERVICES LLC,<br><br>         Defendant. | Case No. 1:23-cv-00613-NODJ-CDB<br><br>ORDER ON STIPULATION MODIFYING CASE MANAGEMENT DATES<br><br>(Doc. 11) |

**Background**

Plaintiff Scott Brock ("Plaintiff") initiated this action with the filing of a complaint against Defendant Amazon.com Services LLC in state court, which was removed to this court on April 21, 2023. (Doc. 1).

On July 13, 2023, the Court entered the operative scheduling order. (Doc. 7). Among other things, the scheduling order admonished the parties that "[t]he dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation." *Id.* at 7.

Pending before the Court is the parties' first stipulated request to amend the scheduling order. (Doc. 11). The parties represent that they "have been diligently pursuing the possibility of settlement through direct negotiations" and scheduled a private mediation session on April 24, 2024, on one of the mediator's first available dates. *Id.* at 1. The parties further aver that "there

will be no prejudice to either party as a result of this continuance." *Id*. The parties previously reported to the Court that they had exchanged initial disclosures and documents, but not yet responded to written discovery or conducted depositions. (Doc. 9 at 2).

**Governing Legal Standard**

District courts enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). Once entered, a scheduling order "controls the course of the action unless the court modifies it." Fed. R Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Id*. (quotation and citation omitted). Under Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). If the moving party is unable to reasonably meet a deadline despite acting diligently, the scheduling order may be modified. *Id*. If, however, the moving party "'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609).

**Discussion**

Here, it is apparent that the parties consciously chose to delay discovery in the interest of preserving financial resources and prioritizing settlement – to the detriment of timely completing discovery within the Court-ordered deadlines. The Court perceives that the parties have exercised some diligence in timely exchanging documents, simultaneously pursuing settlement avenues, and providing the Court with early notice of their efforts and intentions to seek a modification to the scheduling order. For this reason, the Court will grant a 90-day extension of case management dates.

The parties' emphasis that they will not be prejudiced by the requested modification of case management dates (Doc. 11 at 2) misconstrues the Court of Appeals' governing authority under Rule 16 (*see supra*). This Court does not begin its analysis with a consideration of

prejudice – instead, it first answers the threshold question of whether the parties were diligent. Here, for the reasons set forth above, the Court concludes the parties have demonstrated sufficient diligence to warrant a modest extension of case management dates, albeit less than what the parties seek.

The Court takes this opportunity to clarify for the parties that deferring discovery in favor of settlement does not and will not demonstrate diligence or constitute good cause for any further amendments to the scheduling order. Accordingly, the Court implores the parties to properly manage and balance completion of all discovery within the modified case management dates below without regard to ongoing and/or parallel efforts to settle the case.

**Conclusion and Order**

For the forgoing reasons and for good cause appearing, the scheduling order (Doc. 7) is modified as follows:

- Fact Discovery:  June 10, 2024
- Expert Disclosures:  June 24, 2024
- Rebuttal Expert Disclosures:  July 22, 2024
- Expert Discovery:  August 23, 2024
- Non-Dispositive Motions:  September 5, 2024 (file); October 10, 2024 (hearing)
- Dispositive Motions: Filing: November 7, 2024 (file); December 16, 2024 (hearing)
- Pre-Trial Conference: February 24, 2025, 1:30 p.m.
- Trial: April 22, 2025, 8:30 a.m.

IT IS SO ORDERED.

Dated:  **January 30, 2024**                              _____
                                                          UNITED STATES MAGISTRATE JUDGE

3